# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JPMORGAN CHASE BANK, N.A.,**

       **Plaintiff,**

v.                                                                          Case No:  6:17-cv-110-Orl-22DCI

**SUN STATE CAPITAL PROPERTIES, LLC, U.S. SMALL BUSINESS ADMINISTRATION and FLORIDA FIRST CAPITAL FINANCE CORPORATION, INC,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SUMMARY JUDGMENT AND DEFAULT JUDGMENT (Doc. 60)** |
| **FILED:** | **December 29, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### I. Background

On February 16, 2017, Plaintiff filed an Amended Complaint against multiple Defendants. Doc. 27.  Therein, Plaintiff alleged that Sun State Capital Properties, LLC (Sun State) executed and delivered to Plaintiff a promissory note that is secured by a mortgage on real property owned by Sun State (the Property).  *Id*. at 4-5; *see also* Doc. 27-1 (providing the legal description of the Property at issue).  Plaintiff further alleged that Sun State defaulted under the terms of the loan by

failing to tender the September 10, 2015 payment and all subsequent payments.  Doc. 27 at 4-5.  In Count 1, Plaintiff alleged a cause of action for foreclosure of the Property.[1]  *Id*. at 5-9.  Plaintiff voluntarily dismissed all other Counts in its Amended Complaint.[2]  Docs. 38; 61.

On April 13, 2017, SBA filed its Answer and Affirmative Defenses.  Doc. 30.

Defendants Florida First and Sun State, however, did not respond to the Amended Complaint.  The Clerk entered default against Florida First and Sun State (collectively the "Default Defendants") on April 24, 2017 and October 17, 2017, respectively.  *See* Docs. 37, 41, 58-59.

On December 17, 2017, Plaintiff moved for summary judgment as to SBA and for default judgment as to Florida First and Sun State (the Motion).  Doc. 60.  Plaintiff argued that the undisputed material facts establish the elements of foreclosure, and that the appointment of a special master to conduct the foreclosure sale is warranted.  *Id*. at 5-7.  Plaintiff asked the Court to determine that Plaintiff holds a lien secured by the Property in the total amount of $1,971,557.34 plus interest that is superior to any claim of all Defendants and any person claiming by, through, under, or against any of the Defendants since the filing of the Notice of Lis Pendens; find in favor of Plaintiff and against Defendants; enter final judgment against the Default Defendants; appoint Daniel Feinman, Esq. as Special Master to advertise and sell the property in accord with 28 U.S.C. § 2002; direct entry of a final judgment of foreclosure in the appropriate form consistent with the

---

[1] In Count 1, Plaintiff also alleged that Defendant U.S. Small Business Administration (SBA), Defendant Florida First Capital Finance Corporation, Inc. (Florida First), and other unknown Defendants may claim some right, title, or interest in the Property, and asked the Court, in part, to determine that Plaintiff's lien is superior to any claim or interest of Defendants and all persons claiming by, through, under, or against Defendants since the filing of the Notice of Lis Pendens. Doc. 27 at 5-9.

[2] A notice of dismissal pursuant to Rule 41(a)(1)(A)(i) is self-executing and immediately effective upon filing.  *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277 (11th Cir. 2012).  Thus, the undersigned will not discuss Counts 2 through 6 further.

foregoing requests and foreclose the mortgage and interest of all Defendant and persons claiming under or against any of the Defendants since the filing of the Notice of Lis Pendens; reserve jurisdiction to determine and award reasonable attorney fees and costs; and reserve jurisdiction to issue writs of possession. *Id*. at 7-8.

**II.     Standard of Review**

     **A. Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). "Unsworn and conclusory allegations are insufficient to support summary judgment." *Silk v. Albino*, No. 8:06-cv-33-T-23TBM, 2007 WL 853752, at *1 (M.D. Fla. Mar. 19, 2007) (citing *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991)); *but see* 28 U.S.C. § 1746 (permitting in some circumstances the use of written, unsworn declarations subscribed to as true under penalty of perjury).

The moving party bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the record that demonstrate the absence of a genuinely disputed issue of material fact. *U.S. v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the moving party makes the

required showing, the burden shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citations omitted).  To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact.  *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).  However, the non-moving party need not produce opposing evidence if the evidence in support of the motion does not establish the absence of a genuine issue of material fact.  *See Adickes v. S.H. Kress Co.*, 398 U.S. 144, 159-60 (1970).

In determining whether a genuine dispute of material fact exists, the Court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party and must resolve any reasonable doubts in the non-moving party's favor.  *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007).  Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita*, 475 U.S. at 587.

### B. Default Judgment

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.  First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a).  Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and

parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is entitled to the relief requested in their motion for default judgment. If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id*. (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342,

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

1346 (M.D. Fla. 1999)).  Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages).  Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages.  *See Adolph Coors*, 777 F.2d at 1543-44. However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

### III.   Discussion

#### A.  Subject Matter Jurisdiction

Plaintiff has sufficiently demonstrated that the parties are completely diverse, and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Doc. 27 at ¶¶ 2-14, 18, 23-26, 44-45.  Therefore, the undersigned finds that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

#### B.  Clerk's Default

The Default Defendants were appropriately served with the summons and a copy of the Complaint.  *See* Docs. 15, 48, 54-55, 65-66.  The Default Defendants neither appeared in this case nor responded to the Amended Complaint within the time provided by the Federal Rules of Civil

Procedure. Therefore, the undersigned finds that the Clerk properly entered default against the Default Defendants.

### C. Foreclosure

In the Amended Complaint, Plaintiff asserts a cause of action for foreclosure. The promissory note and mortgage provide that they are governed by the law of the State of Florida, with some exceptions not at issue here. Docs. 27-2; 27-4. Thus, the undersigned will apply Florida law in addressing Plaintiff's claim for foreclosure.

Plaintiff seeks to foreclose Sun State's mortgage on the Property. Docs. 27 at 5-9; 60 at 5-6. A judicial foreclosure is a remedy available to creditors who hold a security interest in real property. Fla. Stat. § 679.601(1)(a). A party seeking foreclosure on a mortgage must establish that it is the holder of the mortgage and that it is the holder of the note that is secured by the mortgage. *Citibank v. Dalessio*, 756 F. Supp. 2d 1361, 1365 (M.D. Fla. 2010) (citing Florida law). The party must also establish that the debtor defaulted on the terms of the note secured by the mortgage. *Id*.

Plaintiff alleges that the undisputed material facts "establish that: (1) Sun State executed and delivered to [Plaintiff] the Note and Mortgage; (2) the Mortgage was properly recorded in the public records of Seminole County, Florida; (3) [Plaintiff] owns and holds the Note and the Mortgage; (4) Sun State defaulted under the Note by failing make payment on September 10, 2015 and all subsequent payments; and (7) [Plaintiff] suffered damages as a result of that default." Doc. 60 at 3-6. The documents attached to the Amended Complaint and the Motion support Claimant's allegations of fact. *See* Docs. 27-1; 27-2; 27-3; 27-4; 27-5; 27-6; 27-7; 60-1; 60-2. Moreover, SBA, the non-defaulted party, consented to the entry of final judgment of foreclosure on Count 1 of Plaintiff's Complaint. Doc. 61.

With respect to the Default Defendants, the Complaint contains the following relevant allegations. Sun State owns the property. Doc. 27 at 4-8. On May 30, 2012, Sun State executed and delivered to Plaintiff a promissory note (the Note) in the original principal amount of $1,968,650.00. *Id*. The Note is secured by a mortgage (the Mortgage) encumbering the Property, which mortgage was recorded in the Official Records Book in the Public Records of Seminole County, Florida. *Id*. Plaintiff owns and holds the Note and Mortgage. *Id*. Sun State defaulted under the terms of the loan by failing to make the September 10, 2015 payment and all subsequent payments under the Note. *Id*. As a result, Plaintiff demanded all amounts due under the Loan. *Id*.; *see also* Doc. 27-2 at 3 (providing that Plaintiff may declare the entire unpaid principal balance on the Note immediately due upon default).

Accordingly, the undersigned finds that Plaintiff is entitled to foreclosure on the Property pursuant to Count 1 and is entitled to a determination that its lien is superior to any claim of SBA or the Default Defendants, or from any person claiming by, through, under, or against SBA or the Default Defendant since the filing of the Notice of Lis Pendens.[4]  However, to the extent Plaintiff is seeking a determination that its lien is superior to any claim from Any and All Unknown Parties Claiming a Right or Interest in the Subject Property, Unknown Tenant 1, or Unknown Tenant 2 (the Unknown Defendants), the undersigned finds that Claimant is not entitled to such a determination.[5]  Claimant cited no authority and provided no argument to suggest that the Court may determine Plaintiff's lien priority with respect to unknown defendants that have not defaulted or appeared in this case.

---

[4] Plaintiff alleged in Count 1 that SBA's and Florida First's interests in the Property are "junior, inferior and subordinate to the lien of [Plaintiff]." Doc. 27 at 5-8.

[5] Plaintiff did not refer to the Unknown Defendants in the Motion, but the Unknown Defendants were listed as parties in the Amended Complaint. Docs. 27; 60.

### D. Value of Plaintiff's Lien

Plaintiff seeks a determination by the Court that it holds a "lien secured by the Property in the total amount of $1,971,557.34, which lien consists of the total sum of the Note as of November 30, 2017 (plus per diem interest in the aggregate of $236.76 from November 30, 2017, to the day of the judgment)." Doc. 60 at 7-8.  In support, Plaintiff attached to the Motion an affidavit asserting that, as of November 30, 2017, the value of the lien was $1,978,182.34.[6]  Doc. 60-2.  The attached affidavit also asserts that the per diem interest is $236.76.  *Id*.  The affidavit is supported by a copy of the Note which sets forth the original loan amount and interest terms, and by a detailed account transaction history and account summary.  *Id*.

Given the foregoing, the undersigned finds that Plaintiff has sufficiently established that it is entitled to a lien secured by the Property in the total amount of $1,971,557.34 plus per diem interest in the amount of $236.76 accruing from November 30, 2017 until the date of the judgment.

### E. Appointment of Special Master

In the Motion, Plaintiff requested that the Court appoint a special master pursuant to Federal Rule of Civil Procedure 53(a)(1)(C) to conduct the foreclosure sale.  Doc. 60 at 6-7.  Pursuant to Rule 53(a)(1)(C), a court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."  Absent a basis for disqualification pursuant to Rule 53(a)(2), "federal courts routinely appoint special masters to conduct foreclosure sales."  *Stearns Bank Nat'l Ass'n v. Come Again, Inc.*, No. 8:15-cv-322-T-30JSS, 2016 WL 695990, at *2 (M.D. Fla. Feb. 22, 2016) (citations omitted).

---

[6] This figure includes $6,625.00 in late fees that Plaintiff did not request in its Motion.  *See* Docs. 60; 60-2.

Here, Plaintiff argued that neither a district judge nor a magistrate judge is available to timely and effectively conduct the foreclosure sale. *See* Doc. 60 at 6-7. Plaintiff further argued that no basis exists to disqualify its proposed special master, Daniel Feinman, Esq. *Id.* In support, Plaintiff attached an affidavit from Mr. Feinman averring that he has no relationship to the parties, attorneys, action, or court that would require disqualification under Rule 53. Doc. 60-3.

Accordingly, the undersigned finds that the appointment of Daniel Feinman, Esq. as special master is appropriate.

### IV. Conclusion

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 60) be **GRANTED** as follows:

    a. The Court find that Plaintiff is entitled to summary judgment against SBA and default judgment against Florida First and Sun State as to Count 1 of the Amended Complaint, and enter judgment in favor of Plaintiff and against SBA, Florida First, and Sun State;

    b. The Court determine that Plaintiff holds a lien secured by the Property in the total amount of $1,971,557.34 plus per diem interest in the amount of $236.76 accruing from November 30, 2017 until the date of the judgment, plus statutory interest to accrue from the date of the judgment;

    c. The Court determine that Plaintiff's lien is superior to any claim of SBA or the Default Defendants; or any person claiming by, through, under, or against the SBA or the Default Defendants; since the filing of the Notice of Lis Pendens;

    d. The Court appoint Daniel Feinman, Esq. as Special Master to advertise and sell the property in accord with 28 U.S.C. § 2002;

  e. The Court reserve jurisdiction for a period of one year to consider requests for attorney fees and costs, and to issue writs of possession; and

  f. The Court enter a final judgment of foreclosure that is consistent with the foregoing recommendations[7];

 2. The Motion (Doc. 60) be **DENIED** in all other respects.[8]

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 2, 2018.

                DANIEL C. IRICK
                UNITES STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[7] The undersigned notes that Plaintiff and SBA requested in the Consent to Entry of Final Judgment of Foreclosure and Order of Sale (Doc. 61) that specific language be included in the final judgment of foreclosure. *Id.* at 2-3. But Plaintiff did not request in the Motion that this language be included in the final judgment of foreclosure, and the undersigned will not recommend that the Court grant a request that is not before the undersigned. The undersigned further notes that Plaintiff filed a Proposed Final Judgment of Foreclosure and Order of Sale that was not attached to or referenced in the Motion. Docs. 62; 62-1.

[8] Plaintiff failed to demonstrate that it was entitled to relief against unknown defendants that have not defaulted or appeared in this case.