# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JPMORGAN CHASE BANK, N.A.,**

      **Plaintiff,**

v.                                         Case No:  6:17-cv-110-Orl-22DCI

**SUN STATE CAPITAL PROPERTIES, LLC, U.S. SMALL BUSINESS ADMINISTRATION and FLORIDA FIRST CAPITAL FINANCE CORPORATION, INC,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** AMENDED MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. 73)
>
> **FILED:** May 15, 2018
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### Procedural Background

On February 16, 2017, Plaintiff filed an Amended Complaint against Defendants seeking, among other things, foreclosure of a mortgage securing a promissory note executed by Defendant Sun State Capital Properties, LLC (Sun State). Doc. 27. On October 17, 2017, the Clerk entered default against Sun State. Doc. 59. On May 1, 2018, the Court entered default judgment against

Sun State and entered a Final Judgment of Foreclosure and Order of Sale.[1]  Docs. 68; 69.  The Court reserved jurisdiction for a period of one year to consider requests for attorney fees and costs.  Doc. 68.

On May 10, 2018, Plaintiff filed a proposed Bill of Costs.  Doc. 70.  Then, on May 15, 2018, Plaintiff filed an amended motion for attorney fees and costs (the Motion).  Doc. 73.  Therein, Plaintiff asked the Court to award $28,812.60 in attorney fees and $2,887.22 in costs against Sun State.  Docs. 70; 73.  Sun State has not responded to the Motion.[2]

**Discussion**

    a.  **Entitlement to Attorney Fees**

Both the promissory note (the Note) and the business loan agreement (the Agreement) executed by Sun State provide that Plaintiff is entitled to its reasonable attorney fees incurred in attempting to collect money Sun State owes to Plaintiff under the Note.  *See* Docs. 27-2 at 3; 27-3 at 5; 73 at 2.  Accordingly, the undersigned finds that Plaintiff is entitled to attorney fees and costs against Sun State.

    b.  **Reasonableness of Requested Attorney Fee**

"Where the right to attorneys' fees and costs sounds in state law and reaches this Court by way of federal diversity jurisdiction, [the court applies] the substantive law of the forum state." *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 Fed. App'x 796, 801 (11th Cir. 2014) (citing *Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758,

---

[1] The Court also entered default judgment against Defendant Florida First Capital Finance Corporation, Inc. and summary judgment against Defendant U.S. Small Business Administration. Doc. 68.

[2] Defendant Florida First Capital Finance Corporation, Inc. also did not respond to the Motion. Defendant U.S. Small Business Administration does not object to the Motion.  *See* Doc. 73 at 9.

760 (11th Cir. 2002)); *see also Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1148 (11th Cir. 1993) (discussing attorney fee provisions in mortgages and notes and stating that "[i]n determining the fees to which the payees are entitled, we look to the law of the state in which the security instruments were executed."). Here, the Note and the Agreement were executed in Florida and are governed by Florida law. Docs. 27-2; 27-3. Florida Statutes section 702.065(b) provides as follows:

> In a mortgage foreclosure proceeding, when a default judgment has been entered against the mortgagor and the note or mortgage provides for the award of reasonable attorney's fees, it is not necessary for the court to hold a hearing or adjudge the requested attorney's fees to be reasonable if the fees do not exceed 3 percent of the principal amount owed at the time of filing the complaint, even if the note or mortgage does not specify the percentage of the original amount that would be paid as liquidated damages. *Such fees constitute liquidated damages in any proceeding to enforce the note or mortgage*. This section does not preclude a challenge to the reasonableness of the attorney's fees.

(emphasis added). The amount of attorney fees requested by Plaintiff – $28,812.60 – does not exceed three percent of the principal amount – $1,771,972.67 – that Sun State owed Plaintiff at the time Plaintiff filed the Amended Complaint. *See* Doc. 27 at 5. As such, the Court need not inquire further as to the reasonableness of the fees sought. *See PNC Bank N.A. v. JRG Holdings, Inc.*, 2015 WL 2159806, at *3 (M.D. Fla. May 6, 2015) (finding that the plaintiff's requested fees constituted liquidated damages and should be included in the judgment); *PNC Bank Nat. Ass'n v. Radno Inv. Holdings, L.L.C.*, 2014 WL 3385030, at *2-3 (M.D. Fla. July 10, 2014) (stating that the Court need not inquire further as to the reasonableness of the fees sought, in part, because the amount of attorney fees sought did not exceed three percent) (citation omitted).

Accordingly, the undersigned finds that Plaintiff's requested attorney fee is reasonable.

### c. <u>Costs</u>

In the Motion, Plaintiff requested costs pursuant to Federal Rule of Civil Procedure 54. Doc. 73 at 9.  Rule 54(d)(1) allows for an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise.  *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (stating that Rule 54 establishes a presumption that costs should be awarded unless the district court decides otherwise) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000)).  But a district court may not award costs under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920."  *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). The party seeking costs must provide sufficient detail and documentation regarding the requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs.  *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs.  *Pelc v. Nowak*, Case No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)).

Here, Plaintiff failed to attach any receipts or invoices supporting its request for costs. Instead, Plaintiff attached what appears to be an internal itemized expense report. Docs. 70-1; 73-1 at 49-51.  But the expense report does not contain sufficient detail for the Court to conduct a meaningful review of the costs.  For instance, the expense report does not document how or where service was attempted upon Defendants and, in some cases, does not document on what dates service was attempted.  *Id*.  Further, the expense report does not provide the Court with any

information necessary to determine why certain charges for service of process exceeded the amount authorized by 28 U.S.C. § 1921. *See Access for the Disabled, Inc. v. Missouri Mart, Inc.*, Case No. 8:05-cv-392-T-23MSS, 2006 WL 5432711, at *4 (M.D. Fla. Dec. 7, 2006) ("Private process server fees may be taxed pursuant to §§ 1920(1) and 1921 as long as they do not exceed the statutory fees authorized in § 1921.") (internal quotations omitted) (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)); *Magaldi v. Safeco Ins. Co. of Am.*, 2009 WL 1851102, at * 6 (S.D. Fla. June 29, 2009) ("It is well settled that costs for having a private process server serve deposition subpoenas are compensable to the extent the private process server's fees are limited to the fees authorized in 28 U.S.C. § 1921.") (citing *W & O, Inc.*, 213 F.3d at 624). Thus, Plaintiff's request for costs is due to be denied.

Regardless, Plaintiff's request for costs is due to be denied for failure to comply with Local Rule 3.01(a). Plaintiff failed to provide any memorandum of law to address why it should be permitted to recover the costs detailed in Plaintiff's Bill of Costs (Doc. 70) and requested in the Motion. Doc. 73 at 9. Plaintiff, for example, did not explain why it is entitled to recover the following costs: a title commitment search fee; publication fees for service of process on Sun State; or service of process fees that exceed the amount authorized by 28 U.S.C. § 1921.

Accordingly, the undersigned recommends that Plaintiff's request for costs be denied without prejudice, and that Plaintiff be provided an opportunity to file a renewed motion for costs that complies with Local Rule 3.01(a) and includes the necessary documentation.

### Conclusion

Accordingly, for all of the foregoing reasons, the undersigned respectfully **RECOMMENDS** that:

1. The Motion (Doc. 73) be **GRANTED in part** to the extent that the Court award Plaintiff a total of **$28,812.60** in attorney fees against Sun State;

2. The Motion (Doc. 73) otherwise be **DENIED without prejudice**; and

3. Plaintiff be provided fourteen days to file a renewed motion for costs.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 11, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy